FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 08 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHATIFFINIA ROBINSON**                                                                    PLAINTIFF

vs.                                            No. 4:24:cv-852-DPM

**JAMES A. ROGERS EXCAVATING, INC.**                                           DEFENDANT

## ORIGINAL COMPLAINT

Plaintiff Phatiffinia Robinson ("Plaintiff"), by and through her attorney Sean Short of Sanford Law Firm, PLLC, for her Original Complaint against Defendant James A. Rogers Excavating, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. 206(d) ("EPA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discrimination and harassment of Plaintiff based on her sex and as a result of Defendant's failure to pay Plaintiff an equal wage on the basis of sex.

### II. JURISDICTION AND VENUE

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under Title VII and the EPA.

This case assigned to District Judge Marshall
and to Magistrate Judge Crewin

3. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

4. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

5. The witnesses to Title VII and EPA violations alleged in this Complaint reside in this District.

6. On information and belief, the payroll records and other documents related to the pay practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

7. Plaintiff is a resident and citizen of Saline County.

8. Defendant is a domestic, for-profit corporation.

9. Defendant's registered agent for service of process is Danny Crabtree at 10201 West Markham Street, Suite 328, Little Rock, Arkansas 72205.

## IV. FACTUAL ALLEGATIONS

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tools, materials and vehicles.

11. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

stated) during each of the three calendar years preceding the filing of this Original Complaint.

12. Defendant, at all times relevant hereto, have been engaged in interstate commerce as that term is defined under the FLSA.

13. Defendant employs 15 or more employees and has employed 15 or more employees in at least 20 calendar weeks in the current or preceding calendar year.

14. Defendant is an "employer" within the meanings set forth in the EPA and Title VII, and was, at all times relevant hereto, Plaintiff's employer.

15. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under Title VII and the EPA.

16. Defendant is an excavating company.

17. Plaintiff worked for Defendant as an hourly-paid truck driver.

18. Upon information and belief, Defendant employed approximately eight truck drivers during Plaintiff's tenure with Defendant who were also paid by the hour.

19. Defendant has unified control over employees and exercises authority over Plaintiff and other employees, sets the pay policy applicable to Plaintiff and other employees and controls the work schedule of Plaintiff and other employees.

20. During Plaintiff's tenure with Defendant, Defendant employed three female truck drivers (including Plaintiff).

21. Defendant maintains a practice by which the female employees hired are paid less than similarly situated men.

22. Specifically, Plaintiff earned $18.50 per hour. However, men in the same role earned $21.00 per hour.

23. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the Equal Pay Act.

24. Plaintiff was subjected to constant harassment from her supervisors.

25. For example, Adam Parker (a supervisor), told the Plaintiff that if she "showed her titties" to the loader, then the loader would be nicer to her.

26. Plaintiff reported the incident to Chris Meyer, who is the president and CEO of James A. Rogers Excavating, Inc., and Mr. Meyer told the Plaintiff that he would "handle it." However, Mr. Meyer took no action to ensure the harassment ceased.

27. On another occasion, Mr. Parker told the Plaintiff that her "ass could be seen from a mile away."

28. In mid-July, Plaintiff was discharged in retaliation for reporting Mr. Parker's misconduct.

### V.     FIRST CLAIM FOR RELIEF—VIOLATION OF TITLE VII

29. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30. At all relevant times, Defendant has been and continues to be an "employer" within the meaning of Title VII, 24 U.S.C. § 2000e(b).

31. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, 24 U.S.C. § 2000e(f).

32. 24 U.S.C. § 2000e-2(a) prohibits unlawful employment practices, including discriminating against an individual based on her sex.

33. Plaintiff was subjected to workplace harassment by her supervisors because she was a female employee.

34. Plaintiff was discharged for unlawful reasons—specifically, because of her sex and because she reported harassment from her supervisor.

35. Plaintiff is entitled to damages related to Defendant's blatant violation of Title VII.

36. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

37. Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF—VIOLATION OF THE EPA

38. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

39. At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the FLSA and EPA, 29 U.S.C. 203(d).

40. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and EPA, 29 U.S.C. 203(e).

41. 29 U.S.C. § 206 prohibits any enterprise engaged in commerce to discriminate on the basis of sex with regard to employee pay and promotion practices.

42. During the period relevant to this lawsuit, Defendant discriminated against Plaintiff based on her sex by paying her less than male employees in the same or similar job positions.

43. Despite the entitlement of Plaintiff to equal pay, Defendant has systematically failed to pay Plaintiff the same as her male counterparts.

44. The effective pay system is not based on seniority, merit, on quantity or quality of production, or other legal reasons.

45. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

46. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, the wages she would have been paid, but for Defendant's discrimination, liquidated damages, and costs, including reasonable attorney's fees as provided by the EPA.

47. Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

(B) A declaratory judgment that Defendant's practices violate the Equal Pay Act, 29 USC § 206, *et seq.*;

(C) Judgment for damages for unequal pay under the Equal Pay Act, 29 U.S.C. § 206, *et seq.*;

(D) Judgment for liquidated damages for unequal pay under the Equal Pay Act, 29 U.S.C. § 206, *et seq.*;

(E) A declaratory judgment that Defendant's practices violate Title VII, 42 U.S.C. 2000e, *et seq.*;

(F) Judgment for injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages;

(G) An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(H) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF PHATIFFINIA ROBINSON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com