IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

PHATIFFINIA ROBINSON                                                                                      PLAINTIFF

Vs.                            Case No. 4:24-cv-852-DPM

JAMES A. ROGERS EXCAVATING, INC.                                                         DEFENDANT

### ANSWER WITH DEMAND FOR JURY TRIAL

Comes now James A. Rogers Excavating, Inc. ("JARE"), by and through its attorneys, the Barber Law Firm PLLC, and for its Answer to the Plaintiff's Complaint, states:

1. This Defendant denies each and every allegation within the Plaintiff's Complaint unless specifically admitted hereafter.

2. The allegations contained within paragraph 1 of the Plaintiff's Complaint are denied. This Defendant denies any fault or wrongdoing whatsoever in conjunction with Ms. Robinson's employment with or separation from JARE.

3. The allegations contained within paragraphs 2, 3, and 4 of the Plaintiff's Complaint are admitted with respect to the allegations addressing jurisdiction and venue. This Defendant denies any other implication that can be drawn from those allegations, and this Defendant denies any fault or wrongdoing whatsoever with respect to Ms. Robinson's employment with or separation from JARE.

4. The allegations contained within paragraph 5 of the Plaintiff's Complaint are denied. This Defendant denies any fault or wrongdoing with respect to Ms. Robinson's employment with or separation from JARE.

5. The allegations contained within paragraph 6 of the Plaintiff's Complaint are admitted.

6. This Defendant is without sufficient information to admit or deny the allegations contained within paragraph 7 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

7. The allegations contained within paragraphs 8 and 9 of the Plaintiff's Complaint, pertaining to the identity of JARE, are admitted.

8. The allegations contained within paragraph 10 of the Plaintiff's Complaint state a legal conclusion of law to which no response is required.  However, the allegations contained within paragraph 10 of the Plaintiff's Complaint are denied to the extent those allegations are inconsistent with controlling law.

9. The allegations contained within paragraphs 11, 12, and 13 of the Plaintiff's Complaint, pertaining to federal jurisdiction, are admitted.  All other implications from the allegations contained within those paragraphs of the Plaintiff's Complaint are denied.  This Defendant denies any fault or wrongdoing whatsoever in conjunction with Ms. Robinson's employment with and separation from JARE.

10. The allegations contained within paragraphs 14 and 15 of the Plaintiff's Complaint state legal conclusions to which no response is required.  However, this Defendant denies the allegations contained within paragraphs 14 and 15 of the Plaintiff's Complaint to the extent those allegations are inconsistent with controlling law.

11. The allegations contained within paragraphs 16, 17, and 18 of the Plaintiff's Complaint are admitted.

12.     With respect to the allegations contained within paragraph 19 of the Plaintiff's Complaint, this Defendant admits that it is responsible for the pay policies with respect to its employees. The balance of the allegations contained within paragraph 19 of the Plaintiff's Complaint are denied as stated.

13.     With respect to the allegations contained within paragraph 20 of the Plaintiff's Complaint, this Defendant admits that it employs female truck drivers. The balance of the allegations contained within paragraph 20 of the Plaintiff's Complaint are denied as stated.

14.     The allegations contained within paragraphs 21, 22, 23, 24, 25, 26, 27 and 28 of the Plaintiff's Complaint are denied.

15.     With respect to the allegations contained within paragraph 29 of the Plaintiff's Complaint, this Defendant incorporates by reference each of its responses to the preceding paragraphs of the Plaintiff's Complaint as if set forth fully herein.

16.     The allegations contained within paragraphs 30, 31, and 32 of the Plaintiff's Complaint state a conclusion of law to which no response is required. However, the allegations contained within paragraphs 30, 31, and 32 of the Plaintiff's Complaint are denied to the extent those allegations are inconsistent with controlling law.

17.     The allegations contained within paragraphs 33, 34, 35, 36, and 37 of the Plaintiff's Complaint are denied.

18.     With respect to the allegations contained within paragraph 38 of the Plaintiff's Complaint, this Defendant incorporates by reference each of its responses to the preceding paragraphs of the Plaintiff's Complaint as if set forth fully herein.

19.     The allegations contained within paragraphs 39, 40, and 41 of the Plaintiff's Complaint state conclusions of law to which no response is required. However, this Defendant

denies the allegations contained within those paragraphs to the extent they are inconsistent with controlling law.

20. The allegations contained within paragraphs 42, 43, 44, 45, 46, and 47 of the Plaintiff's Complaint are denied.

21. This Defendant denies the allegations set forth in the "WHEREFORE" paragraph at the conclusion of the Plaintiff's Complaint, including all subparts.

22. This Defendant demands a trial by jury on all contested issues of fact.

23. This Defendant affirmatively pleads that the Plaintiff has failed to exhaust her administrative remedies.

24. This Defendant affirmatively pleads that the Plaintiff has failed to state facts upon which relief may be granted.

25. This Defendant affirmatively pleads that the Plaintiff has failed to mitigate her damages.

26. This Defendant affirmatively pleads that the Plaintiff's claims arising out of her employment are barred and/or limited by the doctrine of unclean hands, unjust enrichment, misrepresentation, frustration of purpose, failure of consideration, and unconscionability.

27. This Defendant affirmatively pleads the doctrines of res judicata, estoppel, and waiver.

28. This Defendant affirmatively pleads that it is not liable because Plaintiff was terminated for legitimate, non-discriminatory reasons.

29. This Defendant affirmatively pleads that the Plaintiff's claims are barred or limited based on the after-acquired evidence doctrine.

30. This Defendant affirmatively pleads the "same decision" doctrine.

31. This Defendant affirmatively pleads that it acted in good faith at all relevant times.

32. This Defendant affirmatively pleads that its decision to discharge the Plaintiff was based on its business judgment and not any unlawful factors.

33. This Defendant affirmatively pleads that it uses reasonable care to prevent and correct any harassing behavior that may occur in the workplace, and this Defendant affirmatively pleads that Plaintiff failed to take advantages of the policies set in place by the employer to prevent or protect employees from harassment, if perceived misconduct occurred.

34. This Defendant affirmatively pleads that the Complaint fails to state facts upon which relief may be granted.

35. This Defendant reserves the right to seek amendments to this Answer as its investigation and discovery progress.

WHEREFORE, James A. Rogers Excavating, Inc. respectfully requests that the Plaintiff's Complaint be dismissed and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

James D. Robertson   (AR BIN 95181)
BARBER LAW FIRM PLLC
***Attorneys for Defendant***
425 West Capitol Ave., Suite 3400
Little Rock, AR  72201
Tel: (501) 372-6175 | Fax: (888) 412-3288
Email: jrobertson@barberlawfirm.com