IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHATIFFINIA ROBINSON**                                              **PLAINTIFF**

vs.                            No. 4:24:cv-852-DPM

**JAMES A. ROGERS EXCAVATING, INC.**                **DEFENDANT**

## JOINT RULE 26(f) REPORT

Plaintiff Phatiffinia Robinson and Defendant James A. Rogers Excavating, Inc., by and through their respective undersigned counsel, and submit the following information in compliance with Federal Rule of Civil Procedure 26(f) and Local Rule 26.1.

1. <u>Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a).</u>

   The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

2. <u>Date when initial disclosures were or will be made.</u>

   On or before 20 March 2025.

3. <u>Subjects on which discovery may be needed.</u>

   - All of the elements of Plaintiff's claims and Defendant's defenses to those claims; and
   - Issues related to damages.

4. <u>Whether any party will likely be requested to disclose or produce information from</u>

<u>electronic or computer-based media. If so:</u>

(a) <u>whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;</u>

The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

(b) <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;</u>

Unknown at this time.

(c) <u>the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;</u>

The parties will confer as necessary to determine the best method of production.

(d) <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;</u>

The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business. Counsel for the parties are unaware of any alteration or destruction of potentially discoverable data.

(e) <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.</u>

None known at this time.

5. <u>Date by which discovery should be completed.</u>

8 May 2026.

6. <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.</u>

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The

parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

7. <u>Any Orders, e.g. protective orders, which should be entered.</u>

    None at this time.

8. <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.</u>

    None at this time.

9. <u>Any objections to the proposed trial date.</u>

    None at this time.

10. <u>Proposed deadline for amending the pleadings.</u>

    23 January 2026.

11. <u>Proposed deadline for completing discovery.</u>

    8 May 2026.

12. <u>Proposed deadline for filing motions other than motions for class certification.</u>

    8 July 2026, except for motions in limine, which should be filed no later than 8 December 2026.

13. <u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.</u>

    Not applicable.

14. <u>Estimated number of six-hour trial days needed.</u>

    2-3 six-hour trial days.

        Respectfully submitted,

        **PLAINTIFF PHATIFFINIA ROBINSON**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Ste 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

**and**    **DEFENDANT JAMES A. ROGERS EXCAVATING, INC.**

        BARBER LAW FIRM PLLC
        425 West Capitol Ave., Suite 3400
        Little Rock, Arkansas 72201
        Telephone: (501) 372-6175
        Facsimile: (888) 412-3288

        */s/ James D. Robertson*
        James D. Robertson
        Ark. Bar No. 95181
        jrobertson@barberlawfirm.com