IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS


PHATIFFINIA ROBINSON                                                    PLAINTIFF


Vs.                              Case No. 4:24-cv-852-DPM


JAMES A. ROGERS EXCAVATING, INC.                                       DEFENDANT


### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff claims that during the few short months she was employed by James A. Rogers Excavating, Inc. ("JARE"), she was "subjected to constant harassment from her supervisors" because she is female. [Doc. 1, ℙ 24, 33]. In her Complaint, Plaintiff alleges that JARE violated Title VII, 24 U.S.C. § 2000e-2(a) by discriminating against her on the basis of her sex by creating a hostile work environment and terminating her in response to her reporting the harassment. [Doc. 1]. Plaintiff likewise asserts JARE paid her in violation of the Equal Pay Act ("EPA"), codified at 29 U.S.C. § 206, because she was paid at a lower rate per hour than her male counterparts. Though not raised in her Complaint, Plaintiff also contends she was treated "differently" because of her race and was ultimately terminated because she was a black female. (Exhibit 1, Deposition of Plaintiff, pp. 79-80).[1]

---

[1] The race claim under Title VII or other law is not preserved because Plaintiff never amended her complaint prior to the deadline to allege the claim and because Plaintiff failed to exhaust her administrative remedies; race-based discrimination was not alleged at the EEOC. "A theory of liability that is not alleged or even suggested in the complaint would not put a defendant on fair notice and should be dismissed." *Adams v. Am. Fam. Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (citing *Gomez v. Wells Fargo Bank, N.A.,* 676 F.3d 655, 665 (8th Cir.2012). Even if considered, the race claim also fails on the merits.

The undisputed facts demonstrate that Plaintiff cannot establish a *prima facie* case for sex or race discrimination under Title VII or any violation of the EPA. As such, JARE is entitled to judgment as a matter of law in its favor on the entirety of Plaintiff's Complaint.

## SUMMARY JUDGMENT STANDARD

Rule 56 mandates the entry of summary judgment upon motion, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 318 (1986). Rule 56 specifically provides that summary judgment shall be entered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.

A scintilla of evidence in support of the nonmoving party's claim is not sufficient to successfully resist summary judgment and, instead, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The nonmoving party must meet proof with proof. *Brown v. ADFA*, 2016 U.S. Dist. Lexis 47663. There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex v. Catrett*, *supra*.

Although reasonable inferences from the facts are to be drawn in favor of the nonmoving party, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric v. Zenith Radio*, 475 U.S. 574 (1986). If plaintiff's evidence is not significantly probative or creates a factual dispute that is irrelevant to the determination of the issues presented, then that does not prevent summary judgment. *Celotex v. Catrett*, *supra*. To survive summary judgment, the nonmoving party must not only provide material

facts to support each essential element of his claim, but he must also show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, *supra*. Furthermore, "a case founded on speculation or suspicion is insufficient to survive a Motion for Summary Judgment." *National Bank of Commerce v. Dow Chemical*, 165 F.3d 602 (8th Cir. 1999).

Where there exists no genuine issue of material fact, "summary judgment is a useful tool whereby needless trials may be avoided, and it should not be withheld in an appropriate case." *United States v. Porter*, 581 F.2d 698 (8th Cir. 1978).

## ARGUMENT

### I.   Plaintiff has failed to demonstrate facts sufficient to support her claims of sex or race discrimination.

Title VII provides that it is unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment" on the basis of the individual's race, color, sex, or national origin. 42 U.S.C.A. § 2000e-2(a). To establish a *prima facie* case for discrimination through direct evidence, a plaintiff must demonstrate that an "illegitimate criterion actually motivated the employer's decision." *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014), relying on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Here, Plaintiff does not present any direct evidence of discrimination. Rather, Plaintiff attempts to establish her claims through circumstantial evidence, which requires that the claims be evaluated under the *McDonnel Douglas* burden shifting framework. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014), relying on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, Plaintiff initially has the burden to establish a *prima facie* case of sex discrimination or race discrimination by demonstrating that (1) she is a member of a protected class, (2) she was meeting JARE's legitimate expectations, (3) she suffered an adverse

3

employment action, and (4) she was discharged under circumstances giving rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently). *Rebouche v. Deere & Co.*, 786 F.3d 1083, 1087 (8th Cir. 2015).

If Plaintiff establishes a *prima facie* case, JARE must then offer evidence to show there was a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. Then, if JARE articulates such a reason, the burden returns to Plaintiff to show that JARE's reason is pretextual. *Id.*

Plaintiff fails to establish a *prima facie* case of sex or race discrimination under Title VII, either concerning her termination or her claim of a hostile work environment. The decision to terminate Plaintiff's employment was based solely on the changing needs of the business and Plaintiff's limited qualifications. Plaintiff has identified nothing more than isolated incidences of unpleasantness in the workplace, which cannot chin the bar required by Title VII to maintain a hostile work environment. As such, JARE is entitled to judgment as a matter of law in its favor on Plaintiff's Title VII claims.

a. **The undisputed facts show that Plaintiff was not meeting JARE's legitimate expectations.**

Plaintiff claims that she was fired by JARE as a result of her complaints regarding the few comments she found harassing. [Doc. 1, ℙ 28]. She also contends that perhaps she was terminated simply because she was "a black female." (Exhibit 1, ℙ 80). She makes these claims without any evidence whatsoever to support them. Plaintiff cannot demonstrate a *prima facie* case for discrimination because she was clearly not meeting the legitimate expectations of her employment: within the short span of her employment with JARE, management received numerous complaints regarding Plaintiff's excessive speed on job sites and her attitude when instructed on company

policy. Additionally, in at least one instance, Plaintiff violated company policy by causing damage to her truck and failing to report the damage.

The measure of whether an employee is meeting her employer's legitimate expectations is not that of an ideal employee but rather what an employer can "legitimately expect" from its employees. *Keathley v. Ameritech Corp.*, 187 F.3d 915, 920 (8th Cir.1999). An employee can meet some expectations without meeting the standard if there are significant expectations that remain unmet. *Id.*

JARE had a legitimate expectation that its drivers would comply with company policy and demonstrate marked improvements when counseled on a failure to meet expectations. (Statement of Undisputed Facts, ¶¶ 22-25). This is especially important due to the dangers presented by the type of work JARE engages, which includes the operation of heavy equipment on job sites where others may be working on the ground and in open-station equipment. As such, speeding presents a serious risk of harm not only to the speeder themselves but to others on the job site. Excessive dust created by driving too fast also creates safety and work-flow problems.  Despite counseling, Plaintiff accumulated several complaints regarding her excessive speed within a few weeks, meaning she was clearly not meeting JARE's expectations. The poor performance was a legitimate factor for Mr. Meyer to use when deciding who to lay off.  (Exhibit 2, Meyer Declaration).

      **b.**      **JARE's decision to terminate Plaintiff's employment was based solely on non-discriminatory reasons.**

Even if Plaintiff could establish a *prima facie* case for discrimination, JARE has demonstrated ample, non-discriminatory motives for Plaintiff's termination, which include her unsafe violations of company policy, as detailed above. Additionally, JARE, seeing a decline in its workload, was forced to downsize its workforce. (Statement of Undisputed Facts, ¶ 19-20). While Title VII prohibits intentional sex and race-based discrimination, "employment decisions based on

other factors, such as job performance, erroneous evaluations, personality conflicts, or even unsound business practices" are not prohibited. *Rose–Maston v. NME Hosp. Inc.,* 133 F.3d 1104, 1108–109 (8th Cir.1998). "[F]ederal courts are not self-appointed personnel managers, and they may not second-guess the fairness or wisdom of an employer's nondiscriminatory employment decisions." *Day v. Johnson*, 119 F.3d 650, 657 (8th Cir. 1997).

Unfortunately, due to dwindling available work, JARE had to downsize its staff, which is a valid and necessary business decision. (Statement of Undisputed Facts, ¶ 28). Mr. Meyer decided to lay off Ms. Robinson over others because based on her lackluster job performance and her limited experience, qualifications, and responsibility when compared to others. Plaintiff compares herself to Vic Norman and Quindon Cox when claiming she was unlawfully discriminated against.

However, Mr. Norman and Mr. Cox are not similarly situated to Plaintiff. For example, Vic Norman had the vital responsibility of driving the water tanker truck, a job for which Plaintiff was indisputably unqualified to perform. (Undisputed Statement of Facts, ¶ 31). Though Plaintiff insists that Mr. Norman being assigned to her dump truck following her termination demonstrates that she was "plotted and retaliated against," it demonstrates quite the opposite. (Exhibit 1, p. 88). Mr. Norman was qualified to perform the entirety of Plaintiff's job duties as well as the added responsibilities of driving the water tanker truck—essentially, he could perform the duties which previously would have been designated to two separate employees. As the workload dwindled, Mr. Norman could take on those extra duties once assigned to Plaintiff, which justifies JARE's decision to keep him employed. Plaintiff was objectively less qualified than Vic Norman.

Plaintiff also points to Quindon Cox as a comparator who was treated more favorably. Mr. Cox was likewise more experienced and often hauled heavy equipment. Mr. Cox was one of two employees who was qualified to haul heavy equipment with a low-boy tractor trailer. The low-

boy rig used by Cox to haul equipment had a manual transmission, which Plaintiff was expressly restricted from driving by the terms of her CDL.  (Exhibit 2, Meyer Declaration).  Plaintiff was likewise objectively less qualified than Mr. Cox, which justifies Mr. Meyer's decision to keep Mr. Cox employed during the downturn in contracts.

JARE's decision to layoff Plaintiff's employment due to the downturn in contracts was based on her lackluster job performance and her limited experience, qualifications, and responsibility, and she has offered no evidence to even suggest an inference of discriminatory motive. Plaintiff cannot refute the ample, non-discriminatory motives for her termination, and therefore, JARE is entitled to summary judgment.

> **c.   Plaintiff cannot establish JARE's nondiscriminatory reason for her termination was a pretext.**

Even if the Court finds Plaintiff has established a *prima facie* case of discrimination, she has not put forth any evidence to even suggest the legitimate reasons given for her termination were pretextual. To establish pretext, a plaintiff must "present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005) ("To prove pretext, the employee must do more than show that the employment action was ill-advised or unwise, but rather must show that the employer has proffered a phony excuse."); *see also Wilking v. County of Ramsey*, 153 F.3d 869, 874 (8th Cir. 1998) ("This burden will not be met simply by showing that the reason advanced by the employer was false[.]"). A pretext analysis does not focus on "whether the employer [was] wise, shrewd, prudent, or competent," but rather whether the employer acted because of discriminatory animus.  *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).  Thus, the charging party "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for

7

its action that a reasonable factfinder could . . . infer that the employer did not act for [the asserted] non-discriminatory reasons." *Id.* In the instant matter, there is simply no evidence to support a finding of pretext related to Plaintiff's termination.

As discussed above, JARE experienced a decline in available work, which led owner, Chris Meyer, to make the decision to lay off staff. This was necessary to optimize the efficiency of the business. (Statement of Undisputed Facts, ⁋⁋ 28-29). Plaintiff was one of the newest hires, had less experience, and was not qualified to operate the heavy equipment or trucks with manual transmissions, which played a vital role in the business's day-to-day operations. (Statement of Undisputed Facts, ⁋ 30). Other employees who remained employed with JARE, which included both men and women, African American and white, were more experienced than Plaintiff, had longer tenures with the company than Plaintiff, had skills and qualifications which Plaintiff did not, or had more responsibility. For example, Vic Norman, a black male, had the added responsibility of driving the water tanker truck, a critical function of the company, and a duty for which Plaintiff was not qualified due to her restricted CDL and her lack of experience. Even though Norman's pay was slightly higher than Plaintiff's, his added experience and responsibility justified JARE's decision to keep him as an employee. Quindon Cox, also a black male, was likewise more experienced and often hauled heavy equipment. The low-boy rig used by Cox to haul equipment had a manual transmission, which Plaintiff was expressly restricted from driving by the terms of her CDL.

Plaintiff had limited qualifications and experience, and she had generated complaints that included driving with excessive speed, causing safety and work-flow issues with other job site workers, all of which factored into Mr. Meyer's decision making. There were limited roles available for Plaintiff due to her inability to operate a manual transmission. Meyer's decision to

8

lay off Plaintiff as opposed to other employees was logical and without unlawful animus. Plaintiff has not and cannot put forth any evidence to establish that the stated reason for her termination was a pretext for unlawful discrimination.

### d. Plaintiff cannot prove a hostile environment claim.

Plaintiff claims that she was subjected to "constant harassment from her supervisors" during her employment with JARE, yet Plaintiff only identifies two incidences of off-color comments that would be remotely related to sex. In order to prove a *prima facie* case of discrimination by way of a hostile work environment, Plaintiff must show (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) a casual nexus exists between the harassment and her protected group status; (4) the harassment term affected her employment action; and (5) the employer knew of the harassment and did not remedy the situation. *Clobes v. 3M Co.*, 106 F.4th 803, 807 (8th Cir. 2024). For harassment to affect a condition of employment, the conduct must be severe "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 840 (8th Cir.1998). Hostile work environment harassment occurs when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 991 (8th Cir.2003) (internal quotations omitted). To satisfy the objective prong of the inquiry, the conduct must be "extreme"; merely rude or unpleasant conduct is insufficient. *Yelder v. Hegseth*, 151 F.4th 943, 955 (8th Cir. 2025). "More than a few isolated incidents are required, and the alleged harassment must be so intimidating, offensive, or hostile that it poisoned the work environment." *Id.*

9

In deciding whether a work environment is objectively offensive in which a reasonable person would find hostile or abusive, factors to be considered include the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance. *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 759 (8th Cir.2004). Furthermore, evidence demonstrating discriminatory animus in the decisional process needs to be distinguished from "stray remarks in the workplace, statements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process." *Fast v. Southern Union Co.*, 149 F.3d 885, 890 (8th Cir.1998). Stray remarks are not sufficient to establish a claim of discrimination. *Id.*

Plaintiff has pointed to two specific instances of stray remarks that she found unpleasant: the comment that Plaintiff could be seen from a mile away in the yellow leggings and the comment that the grumpy older worker would be nicer if she showed her breasts to the grumpy coworker. (Statement of Material Facts, ¶¶ 16, 18). There is a fair argument that only the breast comment is related to sex, but even so, these two instances are nothing more than isolated stray remarks which did not affect Plaintiff's job performance.  By her own admission, in both instances, she simply walked away and returned to her job duties. (Statement of Material Facts, ¶¶ 17, 19). This does not demonstrate the extreme conduct necessary to chin the bar under Title VII, and at most, the comments are nothing more than stray remarks.  Likewise, Plaintiff has failed to make a *prima facie* showing of discrimination based on her complaints of Mr. Babbit being generically "rude" to her after he believed she was not listening to him. (Statement of Material Facts, ¶ 26). Plaintiff characterizes Mr. Babbitt's behavior herself as merely rude, meaning she has failed to demonstrate the extreme conduct needed to support her claim.  She has not demonstrated that Mr. Babbitt's comment was even related to sex.

In short, Plaintiff complains of a few remarks she found unpleasant in the workplace. As was specifically decided in *Yelder*, a few isolated comments, which is precisely what Plaintiff has claimed here, are not enough. Plaintiff has failed to demonstrate that her work environment was poisoned by the few comments complained of, or in fact, that they affected her at all. As such, JARE is entitled to judgment as a matter of law on Plaintiff's claim of a hostile work environment.

## II.    Plaintiff cannot establish retaliation.

Plaintiff speculates that she was terminated in retaliation for reporting Mr. Babbitt's "rude" speech to her when he perceived that she was not listening to his instruction.  To establish a *prima facie* case of retaliation, Robinson must show: (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between the two. *Sherrill v. St. Francis Med. Ctr.*, 793 F.3d 881 (8th Cir. 2015).  In addition, retaliation must be the "but for" cause of the adverse employment action. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S.Ct. 2517, 2528, 186 L.Ed.2d 503 (2013). JARE disputes that Ms. Robinson engaged in protected conduct, but even if she had, the legitimate reasons for the termination—discussed above—severed any causal nexus between the protected activity and termination under *Nassar*.

## III.    Plaintiff has failed to demonstrate that she was paid less than men in her position.

Plaintiff also brings a claim under the Equal Pay Act, claiming that men hired by JARE in similar job positions were paid more than her. To succeed on this claim, Plaintiff must demonstrate that she was paid less than male employees for substantially equal work. *Lawrence v. CNF Transp., Inc.,* 340 F.3d 486, 491 (8th Cir. 2003). Equal work includes jobs that require equal skill, effort, and responsibility performed under similar working conditions. *Id.* Employers may vary pay based on "(1) a seniority system, (2) a merit system, (3) a system measuring earnings by quantity of

quality of production, or (4) a differential based on any factor other than sex." *Id.* The plaintiff has the burden of proving that the jobs involve equal work. *Id.*

Here, Plaintiff cannot meet her burden to demonstrate she was paid less than men performing equal work. Plaintiff indisputably never had any job duties with JARE which exceeded that normally expected of a dump truck driver: Plaintiff simply hauled loads of materials from various quarries to various job sites. (Statement of Undisputed Facts, ¶ 3). By contrast, other male employees hired around the same time as Plaintiff were more experienced drivers and had job duties which went beyond simply hauling materials. (Statement of Undisputed Facts, ¶¶ 10-12). Quindon Cox was paid more at $21.00 per hour, but he was a more experienced driver than Plaintiff and often hauled equipment as opposed to simply materials as Plaintiff did. (Statement of Undisputed Facts, ¶¶ 10).  Vic Norman, who had previously worked for JARE and returned, also had more experience as a commercial driver, more time with the company in the aggregate, and more responsibility than Plaintiff because he drove a tanker truck. (Statement of Undisputed Facts, ¶ 12).  Cox and Norman were also qualified to drive standard transmission trucks, which Plaintiff was not.

JARE's pay scale varied not by gender but by performance, tenure, and responsibilities. (Statement of Undisputed Facts, ¶ 6). Plaintiff had limited professional driving experience when she joined JARE as a dump truck driver, could not operate a standard transmission due to the restrictions on her license, and had no responsibilities beyond hauling materials. Male employees who likewise simply hauled materials in the dump trucks actually earned less than Plaintiff in at least one instance (Undisputed Statement of Facts, ¶ 13). Plaintiff has failed to put forth a single male employee paid more for equal work. Therefore, JARE is entitled to summary judgment on Plaintiff's EPA claims.

## CONCLUSION

Plaintiff has failed to present any evidence to support her sex and race discrimination claims against JARE; she identifies two specific instances of unwelcomed comments on her appearance in the workplace and one instance of a rude supervisor that in no way affected her job performance. She offers no evidence to support even an inference of discriminatory motive for her termination, and she offers nothing more than speculation that her termination was based on unlawful retaliation. By contrast, JARE has provided abundant evidence of Plaintiff's failure to meet expectations, repeated dangerous violations of company policy, and their rational business need to downsize their employees. Likewise, Plaintiff has failed to identify a single male employee who JARE paid more for work equal to that performed by Plaintiff. Therefore, Plaintiff has failed to meet her burden, and JARE is entitled to judgment as a matter of law.

Respectfully submitted,

James D. Robertson   (AR BIN 95181)
BARBER LAW FIRM, PLLC
*Attorneys for Defendant*
One Allied Drive, Suite 1600
Little Rock, AR  72202
Tel: (501) 372-6175 | Fax: (888) 412-3288
Email: jrobertson@barberlawfirm.com

13