IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

PHATIFFINIA ROBINSON                                                              PLAINTIFF

Vs.                              Case No. 4:24-cv-852-DPM

JAMES A. ROGERS EXCAVATING, INC.                                  DEFENDANT

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF DISCOVERY REQUESTS**

Comes Defendant, James A. Rogers Excavating, Inc. ("JARE"), by its attorneys, Barber

Law Firm PLLC, and for its Responses to Plaintiff's First Set of Discovery Requests, states:

## I.    OBJECTION

**GENERAL OBJECTION:**  To the extent that Plaintiff has sought to ascribe special

meanings or definitions to words used in this set of discovery or that specify the manner in which

Defendant is to respond to this set of discovery, Defendant has declined to accept those specialized

meanings and definitions and instructions.  Defendant objects to these types of definitions and

instructions on the grounds that they, in part, render the discovery requests to be overly broad,

vague, confusing, unduly burdensome, oppressive, harassing, and seeking documents and/or

information that are neither relevant to the issues of this litigation nor proportional to the needs of

the case.  Defendant shall instead interpret all words contained in this set of discovery in

accordance with their ordinary and customary meanings and will follow the instructions and rules

governing discovery as set forth in the Federal Rules of Civil Procedure.

## II.    INTERROGATORIES

**INTERROGATORY NO. 1.**    Please state the name, address, and job title of each person assisting with or providing information regarding these interrogatories and requests for production of documents.

**RESPONSE:**    This discovery is being answered by JARE in its corporate capacity, through the assistance of the undersigned counsel, and will be duly verified by an authorized representative of JARE.  JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, seeks information that would be protected by attorney work product or which would impermissibly invade the mental impressions of counsel, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2.**    Please state the names, addresses, and telephone numbers of all persons who may be called as witnesses in this matter, as well as the names, addresses, and telephone numbers of the employers of all persons who may be called as witnesses in this matter, as well as a brief summary of each identified person's expected testimony.

**RESPONSE:**  Discovery is ongoing, and JARE has not decided who will be called to testify at trial.  However, JARE reserves the right to call as witnesses any person identified in discovery and any witness identified by any other party to this action.  JARE objects to providing a summary of lay witness testimony because such exceeds the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.  At this time, potential witnesses include:

a.    Mr. Chris Meyer, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Meyer is expected to have knowledge of Ms. Robinson's performance and reasons for termination as well as the company's hiring and pay practices.

b.    Mr. Ken Meyer, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439.  Mr. Meyer is expected to have knowledge of the company's hiring and pay practices.

c.    Ms. Sheri Meyer, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Ms. Meyer is expected to have knowledge of the company's hiring and pay practices.

d.    Mr. David Babbitt, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Babbitt is expected to have knowledge of Ms. Robinson's performance.

e.    Mr. Adam Parker, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Parker is expected to have knowledge of Ms. Robinson's performance and reasons for termination.

f.    Mr. David Miller, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Miller is expected to have knowledge of Ms. Robinson's performance.

g.    Mr. Kyle Ogbin, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Ogbin is expected to have knowledge of Ms. Robinson's performance.

h.    Clyde Hudgens, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Hudgens is expected to have knowledge of Ms. Robinson's performance.

i.    Eric Dillie, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Dillie is expected to have knowledge of Ms. Robinson's performance.

j.    Kyle Mays, 16800 Baseline Rd., Little Rock, AR 72210 (501) 455-2439. Mr. Mays is expected to have knowledge of Ms. Robinson's performance.

k.    Phatiffinia Robinson.

All employees for JARE may be contacted through the undersigned counsel.

**INTERROGATORY NO. 3.**    Please state the names, addresses, and telephone numbers of all persons who will be called or whose advice, opinion, or services were sought as

3

expert witnesses in this matter, as well as the names, addresses, and telephone numbers of the employers of all such persons, as well as a brief summary of each identified person's expected testimony, if they will be called to testify.

**RESPONSE:**   Unknown at this time.  JARE objects to this interrogatory to the extent it imposes obligations greater than those required by Fed. R. Civ. P. 26 (a)(2) and (b)(4).

**INTERROGATORY NO. 4.**       Pursuant to Federal Rule of Civil Procedure 26(b)(1), please identify by name, address, and title each and every person who has or may have knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in Defendant's Answer, whether or not they will be called as a witness.

**RESPONSE:**   See response and objection to Interrogatory no. 2.

**INTERROGATORY NO. 5.**       Please state the terms and conditions of any and all oral or written agreements between Defendant and Plaintiff regarding the method for compensation, including the rates of pay.

**RESPONSE:**   Ms. Robinson's pay rate was $18.50 per hour; she was employed at-will and without a contract.  JARE otherwise objects to this interrogatory because it is vague, confusing, overly broad, unduly burdensome, seeks information that is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6.**       Identify   each   of   Defendant's   employees   who supervised or managed Plaintiff.

**RESPONSE:**   See persons listed as (a) through (e) in response to interrogatory no. 2.

4

**INTERROGATORY NO. 7.**   State each and every fact that supports each affirmative defense that Defendant raised in its Answer or that Defendant intends to raise at any time in this action.

**RESPONSE:**   Discovery is ongoing.  JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, seeks information that would be protected by attorney work product or which would impermissibly invade the mental impressions of counsel, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8.**   Identify any and all documents over which Defendant intends to examine any and all Plaintiffs at any and all depositions in this case.

**RESPONSE:**  Unknown at this time.  JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, seeks information that would be protected by attorney work product or which would impermissibly invade the mental impressions of counsel, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9.**   Identify all truck drivers employed by Defendant during the Applicable Statutory Period, including full name, gender, dates of employment, work location(s), job duties, and hourly wage or other compensation at each stage of employment.

**RESPONSE:**   Driver pay will be adjusted based on performance, tenure, responsibilities, etc.  The only way to compare the data is to examine it on a specific date.  The below data is selected for the date of May 19, 2023 (Robinson's start date at $18.50 per hour), with the exception of Quindon Cox and Vic Norman (rehired) whose pay is reflected on their hire/rehire dates.  In addition, some employees began their employment with different

responsibilities than what is reflected from the data on May 19, 2023.  For example, Adam Parker's responsibilities increased over time, and Melanie Laster started as a laborer:

(a)  Adam Parker (Truck Boss), W/M, $22.25; 1/7/14 to date;

(b)  Quindon Cox (low boy driver), B/M, $21 per hour; 5/30/23 to 8/9/23;

(c)  Brandon Shelton, B/M, $18.25 per hour; 7/25/2022 to 7/11/2023;

(d)  Jamal Caffey, B/M, hired 5/31/2022, $19.75 per hour;

(e)  Connie Lambert, W/F, hired 10/12/2021, $19.75 per hour;

(f)  Melanie Laster, W/F, hired 10/6/2022, $17.25 per hour (increased to $18.25 per hour on 8/4/23);

(g)  Carol Luck, W/F, hired 11/5/2021, $20.25 per hour;

(h)  Bryan Morris, W/M. hired 1/9/2023, $19.25 per hour;

(i)  Vic Norman (dump and tanker driver), B/M, hired second time on 7/19/2023, $19.25 per hour;

(j)  Mitchell Smith, B/M, hired 9/5/2012, $21.25 per hour;

(k)  John Tyler, B/M, hired 5/8/2020, $20.25 per hour; and

(l)  Othello Page (low boy driver), B/M, hired 2/15/23, $19 per hour.

JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10.**    Identify each individual involved in setting, approving, or modifying the compensation of truck drivers during Plaintiff's employment, including their job titles and specific responsibilities.

**RESPONSE:**   Chris Meyer and Ken Meyer.

6

**INTERROGATORY NO. 11.**    State in detail the criteria, policies (written or unwritten), or practices used by Defendant to determine compensation for truck drivers, including starting wage, raises, bonuses, and any pay adjustments.

> **RESPONSE:**   Pay is determined based on experience, tenure with the company, and job duties.  Job performance and profitability of the company are factored into bonuses or other pay adjustments.  There are no written policies.  JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12.**    State whether Defendant contends that any difference in compensation between Plaintiff and any male truck driver was based on a factor other than sex, and if so, identify each such factor, how it was applied, and to whom it applied.

> **RESPONSE:**   Ms. Robinson was one of the least qualified drivers and had a limited role. Nevertheless, she had a higher pay rate than other male drivers with like experience (See Archer, Shelton, and Tompkins).  Drivers who made more money had more experience, had greater responsibilities such as hauling tankers or transporting equipment, and/or had longer tenure with the company (one driver left the company and returned at a higher rate than Ms. Robinson, but his overall tenure with the company was much longer when both stints were considered, which, along with his other duties, is why his pay was higher).

**INTERROGATORY NO. 13.**    State whether Defendant has ever conducted a pay equity review or audit and, if so, identify when it occurred, who conducted it, and what the findings were.

7

**RESPONSE:** JARE at times will review its own pay rates to ensure that it can attract suitable talent to work at JARE. Prior to this lawsuit, JARE has never been audited by any federal or state agency and has never been accused of inappropriately paying its female employees. JARE denies that it violated any laws with its pay practices. JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14.** Identify all complaints or concerns made by employees regarding unequal pay or sex discrimination during the last five years, and describe how Defendant responded to each.

**RESPONSE:** None.

**INTERROGATORY NO. 15.** Describe the job duties, responsibilities, qualifications, and physical demands required for truck driver positions and identify any differences in the duties performed by Plaintiff versus those performed by male truck drivers.

**RESPONSE:** Drivers will haul various materials from quarries or supply locations to job sites, or from job sites to other destinations. Some drivers are responsible for hauling tankers, which requires different experience and carries different risks. Other drivers assist in hauling equipment and not just aggregate materials in the dump trucks, which also requires different experience and carries different risks. Job responsibilities do not vary by sex but rather by position and experience. As noted above, several female drivers earn more than male drivers. JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

8

**INTERROGATORY NO. 16.**    Identify any job evaluations, performance reviews, or disciplinary actions issued to Plaintiff or any male truck drivers, and describe how such records were considered in compensation decisions.

**RESPONSE:**    Ms. Robinson was not employed long enough to have a periodic review. However, she was counseled in her short tenure with the company. On May 25, 2023, Ms. Robinson struck a gate with her truck and failed to report it per company policy. Robinson was confronted about the damage and admitted that she had hit the gate. It was clear that she did not intend to report it. Robinson was reminded of the company policy to report accidents and damage. On May 30, 2023, Mr. Parker received three calls throughout the day that Ms. Robinson was driving too fast through the job site and not paying attention to site operators. Her actions resulted in incomplete loads and also contributed to unwanted dust at the worksite. (Dust control is a significant issue due to the workers on open-station equipment and on the ground having to endure the dust created when trucks and equipment travel too fast through the job site). Robinson was again counseled at the end of the day. Next, on June 12, 2023, Mr. Parker was contacted by a pit operator that the driver of DT-02 (Robinson) was driving too fast through the site. The pit operator reported that he tried to communicate with Robinson to slow down for dust control, and the pit operator claimed that Robinson gave him "attitude" in response to his instruction. After receiving the pit operator's complaint, Mr. Parker instructed Ms. Robinson to make sure she did not exceed 10 mph at the pit for dust control purposes. Ms. Robinson was also counseled by the superintendent for dumping a load in the wrong location.

9

JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17.**    Identify all truck drivers who received raises or promotions during Plaintiff's tenure and state the basis for those changes.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 18.**    State the factual basis for any contention that Plaintiff was paid less than similarly situated male drivers for a lawful reason under the Equal Pay Act or Title VII.

> **RESPONSE:**  Ms. Robinson was paid more than some male drivers and less than others based on the factors discussed above, which include experience, tenure, and responsibilities.

**INTERROGATORY NO. 19.**    Identify all complaints or reports (formal or informal) made by Plaintiff regarding harassment, discrimination, or inappropriate conduct, including the date of each complaint, to whom it was made, and what action Defendant took in response.

> **RESPONSE:**    Ms. Robinson sent Chris Meyer a text complaining about how the superintendent reprimanded Ms. Robinson for not doing her job; namely, Ms. Robinson dumped her load in the wrong location at a jobsite.  Ms. Robinson reported that the superintendent was rude and talked down to her for the error.  There was no mention of misconduct based on race or sex.  Nevertheless, Chris Meyer counseled the superintendent, David Babbitt, to be more courteous and to better control his frustration when counseling or disciplining employees for mistakes.  Ms. Robinson never reported any other perceived

10

misconduct to Mr. Meyer; to be specific, Robinson never reported any misconduct based on race or gender.

**INTERROGATORY NO. 20.**    Identify all individuals involved in receiving, reviewing, or addressing Plaintiff's complaints regarding Adam Parker or any other supervisor, and describe the outcome of any investigation or response.

**RESPONSE:**    Ms. Robinson did not report misconduct related to Mr. Parker.  See the above description of her report against Mr. Babbitt.

**INTERROGATORY NO. 21.**    State whether Defendant has received any complaints (formal or informal) involving Adam Parker prior to Plaintiff's complaint, and if so, describe the nature and disposition of each complaint.

**RESPONSE:**    JARE objects to this request because it is not reasonable limited in scope or time and is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.  Upon conducting a reasonable review and without waiving the above objections, none.

**INTERROGATORY NO. 22.**    State whether Adam Parker was ever disciplined for making inappropriate or harassing comments to employees, and if so, identify the date and nature of any discipline.

**RESPONSE:**  No one reported any complaints against Mr. Parker prior to Ms. Robinson's claim with the EEOC.  Once it was determined that she was attributing statements to Mr. Parker, he was asked about those statements, and he denied making them.  Due to JARE being unable to validate Ms. Robinson's claims, there was nothing it could do but counsel Mr. Parker about not using unprofessional language in the workplace.

11

**INTERROGATORY NO. 23.**        State all reasons for Plaintiff's termination, including who was involved in the decision-making process, the date the decision was made, and the evidence or documentation supporting it.

**RESPONSE:**   The termination decision was made by Chris Meyer. In mid-July of 2023, Mr. Meyer observed that the workload was thinning and that replacement contracts were lacking. Mr. Meyer was assessing the best combination to optimize efficiency within the company due to the slowdown that had started, and he was looking for the best fit moving forward.  Ms. Robinson had generated some complaints from open-station workers about driving too fast, and she had been counseled about property damage and inappropriate loading practices.  Another employee, David Miller, reported an uncomfortable interaction with Ms. Robinson on June 12, 2023, when Ms. Robinson refused to wait by herself in an air conditioned vehicle while hers was broken because Mr. Miller had left his wallet in the truck.  Mr. Miller reported nothing stolen, but the situation was odd and remained on Chris Meyer's mind while he was making the staffing decisions.  Also, of the newest hires, Ms. Robinson had the least experience and the least responsibilities.  In the same time frame, Mr. Meyer had also re-hired a previous employee, Vic Norman, to drive a tanker.  Driving a tanker required extra qualifications that Ms. Robinson did not have.  Quindon Cox, another driver hired in the same time frame as Ms. Robinson, also had equipment hauling responsibilities that Ms. Robinson did not have.  Hauling equipment is a dangerous and critical function in the company; the equipment hauler was deemed more necessary than a traditional driver.   In the end, Mr. Norman's and Mr. Cox's qualifications, more experience, and longer tenure as a whole, coupled with the performance issues experienced by Ms. Robinson, motivated Chris Meyer to lay off Ms. Robinson first.   Mr. Meyer

12

instructed Adam Parker to notify Ms. Robinson of his decision, and that conversation occurred on July 21, 2023.  Mr. Meyer was never told about any additional complaints from Ms. Robinson other than the job superintendent being rude to her when he got on to her for performance issues.

**INTERROGATORY NO. 24.**       Describe any and all internal communications regarding Plaintiff's complaints and her subsequent termination, including the individuals involved and the content of such communications.

**RESPONSE:**    Unknown at this time.  Once it was determined that Ms. Robinson was pursuing a claim at the EEOC, defense counsel was retained.  JARE objects to producing any information generated in anticipation of litigation or which would be protected by the attorney work-product doctrine or which would be protected by the attorney-client privilege.

### III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1.**  Please produce all documents relied upon, reviewed or utilized in answering Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:**    JARE objects to this request because it is vague, overly broad, unduly burdensome, is not proportional to the needs of the case, seeks information that would be protected by attorney work product or which would impermissibly invade the mental impressions of counsel, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 2.**  Please produce copies of all memoranda, ESI, policies, procedures, documents, emails and letters, statements, correspondence, recordings, videos, transcripts, computer data, electronically stored information and/or any tangible things that

13

Defendant intends to use at any hearing, deposition, or trial or in any pleading to support your defenses (whether affirmative or negative) or refute Plaintiffs' claims.

 **RESPONSE:** Discovery is ongoing, and this defendant has not decided what evidence will be used at any hearing or trial. JARE objects to this request to the extent it seeks to discover information obtained in anticipation of litigation or which would otherwise be protected as attorney work product.

 **REQUEST FOR PRODUCTION NO. 3.** Please produce copies of all affidavits or statements, oral, written, or otherwise recorded in tangible or electronic form, that have been prepared, completed, reviewed or adopted concerning the subject matter of this lawsuit. This Request includes any informal, handwritten notes or statements and any ESI.

 **RESPONSE:** JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, seeks information that would be protected by attorney work product or which would impermissibly invade the mental impressions of counsel, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

 **REQUEST FOR PRODUCTION NO. 4.** Please produce any and all documents Defendant will or may use to negate Plaintiffs' claims or to support Defendant's defenses or for any other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial.

 **RESPONSE:** Discovery is ongoing, and this defendant has not decided what evidence will be used at any hearing or trial. JARE objects to this request to the extent it seeks to discover information obtained in anticipation of litigation or which would otherwise be protected as attorney work product.

**REQUEST FOR PRODUCTION NO. 5.**  Please produce all Documents obtained by Defendant or Defendant's attorneys as a result of any release and/or subpoena relating to this lawsuit.

**RESPONSE:**   JARE will abide by Fed. R. Civ. P. 45 with respect to any items obtained with a subpoena. To date, no subpoenas have been issued.  JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, seeks information that would be protected by attorney work product or which would impermissibly invade the mental impressions of counsel, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6.**  Please   produce   Plaintiff's   complete personnel file, including offer letters, job descriptions, performance reviews, disciplinary records, pay records, and termination documents.

**RESPONSE:**   Ms. Robinson's personnel file has been previously produced at JARE 0001-00029.

**REQUEST FOR PRODUCTION NO. 7.**  Please   produce   any   job   postings,   job descriptions, or internal classification documents for truck driver positions used during Plaintiff's employment.

**RESPONSE:**  JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8.**  Please  produce  all  records  reflecting  the compensation history of any male truck drivers identified as comparators to Plaintiff.

15

**RESPONSE:**      JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.  It is Ms. Robinson's obligation to identify a suitable comparator; an unadulterated fishing expedition is beyond the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.

**REQUEST FOR PRODUCTION NO. 9.**  Please produce personnel files for all other female truck drivers employed by Defendant during the relevant time period, including their compensation history and any internal complaints they may have made.

**RESPONSE:**    JARE objects to this request because it is overly broad, seeks private and irrelevant information, is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.  It is Ms. Robinson's obligation to identify a suitable comparator; an unadulterated fishing expedition is beyond the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.

**REQUEST FOR PRODUCTION NO. 10.** Please produce any documentation used in internal reviews, audits, or analyses comparing the compensation of male and female truck drivers, including findings or conclusions.

**RESPONSE:**   See above responses.  Also, JARE is a small company, and its pay practices and rates are known to its management without having to review documents.

**REQUEST FOR PRODUCTION NO. 11.** Please produce Defendant's written policies, handbooks, or guidelines regarding compensation decisions, merit increases, bonuses, promotions, and classification of employees.

16

**RESPONSE:**   JARE is a small company.  There is no written policy addressing its pay practices and policies.

**REQUEST FOR PRODUCTION NO. 12.** Please produce any documents that reflect or explain pay disparities between Plaintiff and any male dump truck driver.

**RESPONSE:**   See the above responses explaining the differences in pay.  JARE otherwise objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.  It is Ms. Robinson's obligation to identify a suitable comparator; an unadulterated fishing expedition is beyond the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.

**REQUEST FOR PRODUCTION NO. 13.** Please produce any emails, texts, or internal communications discussing Plaintiff's compensation or comparisons between her and male coworkers.

**RESPONSE:**   None.

**REQUEST FOR PRODUCTION NO. 14.** Please  produce  records  of  any  audits, reviews, or investigations conducted internally or externally regarding compliance with Title VII, the Equal Pay Act, or general pay equity practices.

**RESPONSE:**   None.  See above responses.

**REQUEST FOR PRODUCTION NO. 15.** Please produce a list or organizational chart showing reporting relationships and pay grades for dump truck drivers and their supervisors during Plaintiff's employment.

**RESPONSE:**   See attached.

**REQUEST FOR PRODUCTION NO. 16.** Please produce all complaints, reports, or grievances submitted by Plaintiff relating to harassment, discrimination, or retaliation, and all documents showing how Defendant responded.

**RESPONSE:**   None, other than the attached text message.

**REQUEST FOR PRODUCTION NO. 17.** Please produce all documents or communications referring to or discussing Adam Parker's conduct toward Plaintiff or any other employee.

**RESPONSE:**   There was none.  Ms. Robinson complained about Mr. Babbitt being rude when he counseled her about a performance problem; she did not complain about Mr. Parker.  JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18.** Please produce all disciplinary records, complaints, or HR documents concerning Adam Parker for the five years prior to Plaintiff's termination.

**RESPONSE:**   None.

**REQUEST FOR PRODUCTION NO. 19.** Please produce all documents or communications, including internal emails, texts, notes, or memos, that refer or relate to Plaintiff's compensation, complaints, and/or termination.

**RESPONSE:**   Other than the items in her personnel file, none. JARE objects to this request to the extent it is intended to discover information obtained in anticipation of litigation or attorney work product.

18

**REQUEST FOR PRODUCTION NO. 20.** Please produce all documents reflecting any formal or informal investigation conducted in response to Plaintiff's complaints.

**RESPONSE:**  See above information about the complaint Ms. Robinson made against Mr. Babbitt.  JARE was unaware of any of the allegations in this lawsuit until it received the EEOC charge, which was ultimately dismissed by the EEOC.  JARE objects to this request to the extent it is intended to discover information obtained in anticipation of litigation or attorney work product.

**REQUEST FOR PRODUCTION NO. 21.** Please produce any documents that reflect or explain pay disparities between Plaintiff and any male truck driver.

**RESPONSE:**  See above responses and objections. JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.   It is Ms. Robinson's obligation to identify a suitable comparator; an unadulterated fishing expedition is beyond the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.

**REQUEST FOR PRODUCTION NO. 22.** Please produce any communications among managers or supervisors comparing Plaintiff's performance or pay to male coworkers.

**RESPONSE:**  See above responses.

**REQUEST FOR PRODUCTION NO. 23.** Please produce any training materials provided to supervisors, managers, or HR staff related to equal pay, Title VII, harassment prevention, or retaliation.

**RESPONSE:**  See the materials in Ms. Robinson's personnel file.

19

**REQUEST FOR PRODUCTION NO. 24.** Please produce all personnel files of other female truck drivers employed by Defendant during the relevant time period, including compensation records and any complaints submitted.

**RESPONSE:**   JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.  It is Ms. Robinson's obligation to identify a suitable comparator; an unadulterated fishing expedition is beyond the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.

**REQUEST FOR PRODUCTION NO. 25.** Please produce any complaints, grievances, or HR reports made by other employees (regardless of gender) regarding harassment, sex discrimination, or pay disparities for the past five years.

**RESPONSE:**   JARE objects to this request because it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant and which will not lead to the discovery of admissible evidence.  It is Ms. Robinson's obligation to identify a suitable comparator; an unadulterated fishing expedition is beyond the permissible scope of discovery pursuant to Fed. R. Civ. P. 26.

**REQUEST FOR PRODUCTION NO. 26.** Please produce any policies, handbooks, training materials, or written protocols addressing equal employment opportunity, pay equity, harassment, and retaliation that were in effect during Plaintiff's employment.

**RESPONSE:**   See Ms. Robinson's personnel records.

Respectfully submitted,

BARBER LAW FIRM PLLC
***Attorneys for Defendant JARE***
One Allied Drive, Suite 1600
Little Rock, AR 72202
Phone:  (501) 372-6175
Email: jrobertson@barberlawfirm.com

By: /s/ *James D. Robertson*
         James D. Robertson    AR BIN 95181


## CERTIFICATE OF SERVICE

On this 4th day of June, 2025, a copy of the foregoing pleading was sent via email to the following counsel of record:

Sean Short
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR  72211
sean@sanfordlawfirm.com

/s/ *James D. Robertson*
James D. Robertson

21

## VERIFICATION

STATE OF _Arkansas_

COUNTY OF _Pulaski_

I, Chris Meyer verify that the foregoing Responses to Plaintiff's First Set of Discovery Requests are true and correct to the best of my knowledge, information, and belief.

Chris Meyer
James A. Rogers Excavating, Inc.

SUBSCRIBED AND SWORN to me, a Notary Public, on this _4th_ day of _June_ 2025.

Notary Public

My Commission Expires: _9/1/2025_

[SEAL]

Candis De'Shae Holloway
NOTARY PUBLIC
Pulaski County, Arkansas
Comm. 12691408 Expires Sept. 1, 2025