IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

PHATIFFINIA ROBINSON                                                    PLAINTIFF


Vs.                              Case No. 4:24-cv-852-DPM


JAMES A. ROGERS EXCAVATING, INC.                        DEFENDANT


**DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

Comes Defendant, James A. Rogers Excavating, Inc. ("JARE"), by its attorneys, Barber

Law Firm PLLC, and for its Responses to Plaintiff's First Set of Requests for Admission, states:

## I.      OBJECTION

**GENERAL OBJECTION:**  To the extent that Plaintiff has sought to ascribe special

meanings or definitions to words used in this set of discovery or that specify the manner in which

Defendant is to respond to this set of discovery, Defendant has declined to accept those specialized

meanings and definitions and instructions.  Defendant objects to these types of definitions and

instructions on the grounds that they, in part, render the discovery requests to be overly broad,

vague, confusing, unduly burdensome, oppressive, harassing, and seeking documents and/or

information that are neither relevant to the issues of this litigation nor proportional to the needs of

the case.  Defendant shall instead interpret all words contained in this set of discovery in

accordance with their ordinary and customary meanings and will follow the instructions and rules

governing discovery as set forth in the Federal Rules of Civil Procedure.

JARE objects to the requests for admission as not being compliant with Fed R. Civ. P. 36;

The requests were "hidden" at the end of discovery propounded to JARE, and the discovery

heading makes no reference to the existence of the requests for admission.  The requests, as presented, are calculated to pursue responses that are deemed denied by virtue of an untimely response.

**REQUEST FOR ADMISSION NO. 1:**      Admit that Plaintiff was paid less per hour than at least one male employee who held the position of truck driver during her employment.

**RESPONSE:**   Admitted.  However, Ms. Robinson's pay met or exceeded male employees with the same or similar experience, qualifications, responsibilities, and tenure.

**REQUEST FOR ADMISSION NO. 2:**      Admit that Plaintiff earned $18.50 per hour at the time of her termination.

**RESPONSE:**   Admitted.

**REQUEST FOR ADMISSION NO. 3:**      Admit that one or more male truck drivers employed by Defendant during the same period as Plaintiff earned $21.00 per hour or more.

**RESPONSE:**   Admitted.  However, Ms. Robinson's pay met or exceeded male employees with the same or similar experience, qualifications, responsibilities, and tenure.

**REQUEST FOR ADMISSION NO. 4:**      Admit   that   Plaintiff   performed substantially equal work to at least one male truck driver in terms of skill, effort, responsibility, and working conditions.

**RESPONSE:**   Admitted. Ms. Robinson's pay met or exceeded male employees with the same or similar experience, qualifications, responsibilities, and tenure.

**REQUEST FOR ADMISSION NO. 5:**      Admit that the difference in hourly pay between Plaintiff and similarly situated male truck drivers was not based on a seniority system, merit system, or system measuring earnings by quantity or quality of production.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 6:**        Admit that Plaintiff reported to Defendant that Adam Parker made a comment to her about "showing her titties" to the loader.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 7:**        Admit that Chris Meyer was informed of Plaintiff's complaint regarding Adam Parker's conduct.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 8:**        Admit that Defendant did not conduct a formal investigation into Plaintiff's harassment complaint.

**RESPONSE:**    Denied as stated.  The only complaint made by Robinson, against Mr. Babbitt, was personally handled by Mr. Chris Meyer.

**REQUEST FOR ADMISSION NO. 9:**        Admit that Adam Parker remained in a supervisory position over Plaintiff after she reported his alleged misconduct.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 10:**   Admit that Plaintiff was subjected to inappropriate comments of a sexual nature during her employment.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 11:**   Admit that Plaintiff was terminated within two weeks of reporting Adam Parker's misconduct.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 12:**   Admit that Defendant did not document any performance-based reasons for Plaintiff's termination.

**RESPONSE:**    JARE admits there was no formal write-up for Ms. Robinson's performance problems.  However, those events are verifiable.

3

**REQUEST FOR ADMISSION NO. 13:**    Admit that no male employee was terminated under similar circumstances during the same time period.

**RESPONSE:**    Denied as stated.  Other employees were terminated. However, the reasons for termination varied among the employees.

**REQUEST FOR ADMISSION NO. 14:**    Admit that Plaintiff's complaint regarding workplace harassment was a motivating factor in the decision to terminate her employment.

**RESPONSE:**    Denied.

Respectfully submitted,

BARBER LAW FIRM PLLC
***Attorneys for Defendant JARE***
One Allied Drive, Suite 1600
Little Rock, AR 72202
Phone:  (501) 372-6175
Email: jrobertson@barberlawfirm.com

By: /s/ *James D. Robertson*
　　　James D. Robertson    AR BIN 95181

**CERTIFICATE OF SERVICE**

On this 4th day of June, 2025, a copy of the foregoing pleading was sent via email to the following counsel of record:

Sean Short
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR  72211
sean@sanfordlawfirm.com

/s/ *James D. Robertson*
James D. Robertson

4