IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS


PHATIFFINIA ROBINSON                                                    PLAINTIFF


Vs.                          Case No. 4:24-cv-852-DPM


JAMES A. ROGERS EXCAVATING, INC.                                       DEFENDANT


**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Comes Defendant, James A. Rogers Excavating, Inc. ("JARE"), by and through its attorneys, Barber Law Firm PLLC, pursuant to Fed. R. Civ. P. 56, for its Reply in Support of Motion for Summary Judgment, and states:


**I. Plaintiff has failed to provide sufficient evidence to demonstrate that discrimination was a motivating factor for her termination.**

JARE's decision to terminate Plaintiff was indisputably based on her lackluster job performance and her limited qualifications, and Plaintiff's assertions that she experienced unpleasantness and isolated sexually charged remarks clearly played no role in the decision. Plaintiff attempts to create a question of fact through the use of inadmissible speculation and hearsay. However, Mr. Meyer's business judgment is supported by undisputed facts concerning Plaintiff's performance problems and undisputed facts concerning the qualifications of the purported comparators Norman and Cox, who objectively have more qualifications, experience, and duties than plaintiff, rendering them not similarly situated to Plaintiff. Nothing argued in

1

Plaintiff's response prevents summary judgment; she cannot overcome the legitimate, nondiscriminatory reasons for her termination.

### a. Plaintiff cannot refute the legitimate nondiscriminatory reasons for the employment decisions.

As an initial matter, Plaintiff's response improperly argues that even though she admits her Complaint raised no racial discrimination claim and that "Plaintiff does not ask the Court to adjudicate a freestanding race claim," this Court should consider the "racial dimension of the evidence." However, race and sex claims are to be analyzed separately in the event they are both raised by a complaint. When only a sex discrimination claim is pleaded, evidence of racial discrimination is not relevant and should not be considered by the Court. *United States Equal Emp. Opportunity Comm'n v. Walmart, Inc.*, No. 422CV00037SMRSBJ, 2023 WL 11113885, at *3 (S.D. Iowa Dec. 8, 2023) (holding that the introduction of evidence of race discrimination when only sex discrimination is pled risks confusing the issues by inviting the jury to consider a legal claim not before it).  Likewise, Plaintiff's attempt to inject race issues at the eleventh hour is nothing more than an attempt to confuse the issues in this case in hopes that the Court ignores the legitimate, nondiscriminatory reasons for the employment decisions made by JARE.

Because Plaintiff could only legally drive one of JARE's dump trucks, she naturally held less responsibility with the company during her employment, and she was limited in the number of roles possible due to her license restrictions. This alone justifies JARE's decision to retain its employees such as Mr. Cox and Mr. Norman who were qualified to take on the role of truck drivers, as Plaintiff was during her employment, as well as hauling equipment or operating a tanker truck. Keeping valuable employees who could perform a wider range of job responsibilities allowed JARE to lower its payroll costs by using one employee to perform two separate tasks as opposed to paying Plaintiff to drive her dump truck plus another employee separately to haul equipment.

Plaintiff insists that the fact that Vic Norman was assigned to her dump truck after her termination proves some sort of unlawful intent behind JARE's decision. In reality, it demonstrates JARE's strategic staffing plan perfectly: Mr. Norman was qualified to, and often did, operate equipment for JARE that Plaintiff was unqualified to operate. After Plaintiff's termination, he began driving her dump truck in addition to his hauling duties, allowing JARE the benefit of having one employee with one rate of pay accomplish the two jobs as opposed to paying both Plaintiff and Mr. Norman to do them separately. Quindon Cox was retained for the same reasons, and Plaintiff's argument that he was not asked to haul equipment until after Plaintiff's termination demonstrates JARE's logic as well. As other employees like Mr. Norman took on increasing driver responsibilities in addition to operating other equipment, Mr. Cox was asked to share in the load and haul equipment for the company to cover what Mr. Norman could not as he performed other duties. Had JARE retained Plaintiff, who did not have the qualifications to haul equipment, over either Mr. Norman or Mr. Cox, this duty-sharing model would not have been possible, adding additional strain on the company to pay a separate driver as well as haulers. "[F]ederal courts are not self-appointed personnel managers, and they may not second-guess the fairness or wisdom of an employer's nondiscriminatory employment decisions." *Day v. Johnson*, 119 F.3d 650, 657 (8th Cir. 1997).

Even disregarding Plaintiff's failure to report damage to her truck and the several speeding complaints received by JARE management regarding Plaintiff, JARE's decision to terminate a lesser-qualified, lesser-experienced, and less-tenured employee over others more qualified to take on additional responsibilities with the company is a legitimate business decision which the Court is not at liberty to second-guess. Plaintiff's attempts to discredit JARE's non-discriminatory

3

reasoning amounts to nothing more than pure conjecture which cannot support an inference of discrimination.

### b. Plaintiff has submitted no evidence of pretext.

To establish pretext, a plaintiff must "present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005) ("To prove pretext, the employee must do more than show that the employment action was ill-advised or unwise, but rather must show that the employer has proffered a phony excuse."); *see also Wilking v. County of Ramsey*, 153 F.3d 869, 874 (8th Cir. 1998) ("This burden will not be met simply by showing that the reason advanced by the employer was false[.]"). A pretext analysis does not focus on "whether the employer [was] wise, shrewd, prudent, or competent," but rather whether the employer acted because of discriminatory animus. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). JARE has presented several non-discriminatory reasons for Plaintiff's termination, but its decision to terminate Plaintiff as opposed to other drivers, described in detail above and in JARE's initial brief, is consistent with the reason given to Plaintiff at the time of her termination: she was one of the newest, least experienced drivers with the lowest qualifications, and actual limitations on her ability to perform crucial company duties such as hauling equipment. Plaintiff's contention that the "extra qualifications" justification does not appear in Chris Meyer's declaration is demonstratively false: Mr. Meyer stated that "[Plaintiff] was one of JARE's most recent hires with less experience, and she had limited qualifications in that she could only operate dump trucks with automatic transmissions." See Exhibit 2 to JARE's Motion, ¶ 22. By contrast, Mr. Meyer also stated that "… [Plaintiff] specifically mentioned Vic Norman and Quindon Cox as being treated more favorably than her. However, Ms. Robinson's responsibilities and

qualifications were distinctly different than those of Mr. Norman and Mr. Cox." See Exhibit 2 to JARE's Motion, ¶ 23. Mr. Meyer goes on to describe that Mr. Norman and Mr. Cox were qualified to drive both the water tanker truck and haul equipment, which Plaintiff was indisputably not qualified to do. See Exhibit 2 to JARE's Motion, ¶¶ 24-26.

There is simply nothing in the record to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason, and Plaintiff's conjecture is not enough to satisfy her burden. As such, JARE is entitled to summary judgment in its favor on Plaintiff's discrimination claim.

### II.    Plaintiff's hostile work environment claim cannot survive summary judgment.

Despite Plaintiff's attempt to paint a handful of vague accusations as severe enough to support her hostile work environment claim, Plaintiff's response itself makes clear that the claim must fail. Plaintiff acknowledges that she has identified with specificity just two comments made by Adam Parker that she contends were sexual in nature and one instance in which Babbitt was "rude" and yelled at her to roll her window down. Plaintiff's speculative and ambiguous references to Mr. Babbitt treating her "more harshly" than the other female drivers and her co-workers "nit-picking" and "sneering" at her are nothing more than generalized, subjective comments, not concrete accusations that could possibly support her claim. At most, these imprecise allegations amount to merely rude or unpleasant conduct, which is insufficient to support a hostile work environment claim. *Yelder v. Hegseth*, 151 F.4th 943, 955 (8th Cir. 2025).

Further, Plaintiff's response entirely fails to address JARE's argument that the identifiable and isolated stray instances identified by Plaintiff did not affect any term, condition, or privilege of her employment in the slightest. Plaintiff herself testified that in each instance, she simply

walked away and continued her daily tasks. (Statement of Material Facts, ¶¶ 17, 19). Also, the comment about the leggings does not overtly appear sexual in nature since on its face the comment addresses merely the visibility of the clothing. There is no other information in the record to demonstrate that the context of the comment was sexual in nature.

The context of the final comment about showing breasts to a grumpy co-worker is demonstrated in JARE's initial brief and includes a comment about what would happen if Mr. Parker showed his breasts. While boorish and rude, such a comment was an isolated attempt at humor (assuming the comment actually happened). Parker's alleged comments did not rise to the level required to affect a term or condition of employment, and Plaintiff has cited no cases to demonstrate otherwise.

These instances are far less egregious than the circumstances described in *Myers v. Croell Redi-Mix, Inc.,* 672 F.Supp.2d 889 (N.D. Iowa 2009). In that case, the district court applied the same standards applicable in the instant case to much harsher facts and still concluded that the plaintiff could not overcome summary judgment. Here, the comments Plaintiff describes may be rude, but they do not rise to the level required to support her claim for a hostile work environment, which forecloses her claim because the work environment was not objectively "poisoned." At most, Plaintiff can only point to two sex-based comments, and courts have frequently held that "two isolated incidents involving, at best, crude language, simply cannot satisfy this standard." *Smith v. Renal Care Group, Inc.*, 2020 WL 601611 (E.D. Mo. 2020); *Watson v. Heartland Health Labs., Inc.*, 790 F.3d 856, 861 (8th Cir. 2015) (holding that conduct over a period of ten days that included a sexual touching, sexually degrading slurs, and a threat was not sufficiently pervasive to alter the term, conditions, or privilege of employment). Plaintiff's hostile work environment claim cannot overcome summary judgment.

**III.    Plaintiff has failed to establish a causal nexus between her complaint and her termination, thus her retaliation claim cannot survive summary judgment.**

Even if Plaintiff did engage in protected conduct, her claim for retaliation still cannot survive summary judgment because she has failed to establish that her complaints regarding Mr. Babbitt's "rude" behavior, or the offense she took from Mr. Parker's comments, were the "but for" cause of her firing. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S.Ct. 2517, 2528, 186 L.Ed.2d 503 (2013). Assuming arguendo that Plaintiff's vague reference to an unidentified "comment" made by Mr. Parker which she found offensive qualifies as "protected conduct," Plaintiff's retaliation claim still fails to chin the bar. JARE has presented several legitimate reasons for Plaintiff's firing which Plaintiff failed to establish were pretextual. Plaintiff's response offers no analysis as to how Plaintiff's complaints could have been the "but for" cause of her termination. Therefore, she has failed to establish her claim for retaliation.

**IV.    Plaintiff cannot demonstrate that she was paid less than equally qualified men in her position.**

Plaintiff's response argues that JARE's admission in response to her imprecise request for admission that Plaintiff was paid less per hour than at least one male employee who held the position of truck driver during her employment gives her all the definitive evidence she needs to prove her EPA claim. Plaintiff conveniently leaves out JARE's qualification to that admission: "However, Ms. Robinson's pay met or exceeded male employees with the same or similar experience, qualifications, responsibilities, and tenure." See Exhibit 2 to Plaintiff's Response, RFA Nos. 1, 3-4. Plaintiff additionally fails to consider employers are free to differentiate pay based on any factor other than sex, including based on experience and qualifications of the employee. 29 U.S.C. § 206(d)(1); *Lawrence v. CNF Transp., Inc.,* 340 F.3d 486, 491 (8th Cir. 2003). Quindon Cox had more commercial driving experience than Plaintiff, and he was qualified from the onset

of his employment to operate all of JARE's equipment, including the low-boy rigs, should JARE need him to perform those additional responsibilities. Plaintiff, by contrast, was undisputedly qualified to drive one single automatic transmission dump truck and had very little experience in doing so at the time of her hiring. It is immaterial that Mr. Cox only began hauling equipment after Plaintiff's firing because his pay was set according to his past experience and ability to fill additional vital roles for the company, in excess of what Plaintiff could. Likewise, Plaintiff's contention that Mr. Cox quit because he did not receive a pay raise with his added responsibilities of hauling equipment is misconstrued; Mr. Cox was dissatisfied with the amount of equipment hauling he was doing for the company and personally felt that he deserved additional pay for his work.[1] Plaintiff's argument that JARE paid another low-boy driver, Othello Page, two dollars less than Mr. Cox contradicts this argument: Mr. Page regularly hauled equipment for JARE at a rate that was less than Mr. Cox's starting pay. Mr. Cox's subjective internal belief that he was due for a raise is irrelevant to the issues at hand here.

Plaintiff was paid consistent with other male employees of like experience and qualifications. The male employees who were paid slightly more stemmed from their greater qualifications and experience, which is perfectly acceptable. The EPA act claim is without merit.

## CONCLUSION

For the reasons stated above, Plaintiff has failed to demonstrate a material issue of fact and has failed to establish a prima facie case on any of her claims. Therefore, JARE respectfully requests this Court grant its Motion for Summary Judgment and dismiss Plaintiff's Complaint against it with prejudice.

---

[1] JARE submits that Exhibit 6 to Plaintiff's Response is inadmissible hearsay without an exception. "…without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion." *Walker v. Wayne Cnty., Iowa,* 850 F.2d 433, 435 (8th Cir. 1988).

Respectfully submitted,

James D. Robertson   (AR BIN 95181)
BARBER LAW FIRM, PLLC
***Attorneys for Defendant***
One Allied Drive, Suite 1600
Little Rock, AR  72202
Tel: (501) 372-6175 | Fax: (888) 412-3288
Email: jrobertson@barberlawfirm.com

9